IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cyrus Carr, III, | * | |
| On behalf of himself and those similarly situated, | * | Case No. 2:21-cv-5140 |
| | * | Judge |
| Plaintiff, | | |
| | * | Magistrate Judge |
| v. | | |
| | * | **JURY DEMAND ENDORSED HEREON** |
| Austin Powder Company<br>c/o CT Corporation System<br>1300 East 9th St.<br>Cleveland, Ohio 44114 | *<br><br>* | |
| Defendant. | * | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Cyrus Carr, III ("Carr," "Plaintiff," or "Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Austin Powder Company ("APC," "Austin Powder," or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal

knowledge as to the Named Plaintiff's own conduct, Defendant's own business records, and they are made on information and belief as to the acts of others.

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, Defendant has conducted substantial business in the Southern District of Ohio, and Defendant is incorporated in the State of Ohio.

## II. FACTUAL ALLEGATIONS

### A. Named Plaintiff Carr

4. Named Plaintiff is an individual, United States citizen, and resident of Vinton County, Ohio and at all times relevant he worked for Defendant at one of its mixing plants in this judicial district located at 32000 Powder Plant Rd, McArthur, Ohio 45651.

5. Beginning in August, 2011 up through and including March 5, 2021, Named Plaintiff worked as an hourly, non-exempt mixing plant associate. During all times relevant, Named Plaintiff was an "employee" of Defendant as defined in the FLSA and the Ohio Acts.

6. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime

compensation under the FLSA. Named Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B. Austin Powder Company**

7. APC is a domestic, for-profit corporation that is incorporated in Ohio.

8. APC is comprised of "the oldest manufacturing enterprise in the State of Ohio and one of the oldest manufacturers of explosives in the world."

9. APC manufactures a wide variety of explosive products through regional centers of control at the facilities located throughout the United States.

10. APC had control over Plaintiff's and similarly situated employees' working conditions.

11. APC employs hundreds, if not thousands, of similarly situated employees as Plaintiff.

12. APC is and has been doing business in this judicial district.

13. APC, including all of its regional control centers, forms a single employer or single integrated enterprise as they share functional interrelation of operations, common management, centralized control of labor relations, and/or common ownership.

14. Alternatively, APC co-determines matter governing essential terms and conditions of employment, shares ability to hire, fire, and discipline employees, shares ability to affect compensation and benefits, and shares authority to direct and supervise employees' performance.

15. Alternatively, APC constitutes a joint employer under 29 C.F.R. § 791.2(b) because the hourly, non-exempt employees' work across the locations throughout the United States benefits APC and it acts directly or indirectly in the interest of all other APC control centers in relation to

the hourly, non-exempt employees and/or are not completely disassociated with respect to the employment of the hourly, non-exempt employees and may be deemed to share control of them, directly or indirectly, by reason of the fact that APC is under common control with each other.

16. At all times relevant, APC has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

17. During relevant times, APC has benefitted from the work performed by Named Plaintiff and those similarly situated.

18. Upon information and belief, APC operates/operated and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and APC has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

## Facts Relevant to Unpaid Overtime Compensation

19. Defendant's workweek is Sunday through Saturday, and it pays its hourly, non-exempt employees on a biweekly basis.

20. During his employment with Defendant, Named Plaintiff and those similarly situated were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked for several reasons.

**(Unpaid Overtime because of a Policy or Practice which consistently Rounds Compensable Hours Down to the Detriment of Employees)**

21. Named Plaintiff and other similarly situated employees have to "clock in/out" using a company-wide timekeeping system to keep track of their work hours.

22. Named Plaintiff and those similarly situated are permitted to clock in, so long as it is not more than seven (7) minutes prior to the start of their scheduled shift(s).

23. After clocking in, Named Plaintiff and those similarly situated proceed to the production line and perform preparatory job duties because Defendant expects production to be up and running at the scheduled start of their shifts. For example, they start hydraulics, make labels and boxes for production, gather supplies, and spot check their work areas, among other things.

24. These pre-shift job duties are integral and indispensable to the principal activities of a production employee.

25. Upon information and belief, Defendant maintains a time-rounding system whereby it only compensates employees in full quarter hour increments. Thus, Defendant's rule/practice that employees cannot clock in more than 7 minutes before the scheduled start of their shifts ensures that Named Plaintiff and similarly situated employees are not paid for any work performed prior to the scheduled start of their shift, including the preparatory job duties and all work that follows it.

26. Defendant's failure to compensate Named Plaintiff and others similarly situated for time spent working prior to the scheduled start of their shift and after the scheduled end of their shift resulted in unpaid overtime in violation of the FLSA.

**(Unpaid Overtime as a Result of Interrupted Meal Periods)**

27. Defendant maintains a policy/practice of requiring a daily 30-minute meal break deduction from Named Plaintiff and those similarly situated. However, Named Plaintiff and those similarly situated regularly did not receive a bona fide meal break.

28. Named Plaintiff and other similarly situated employees often were unable to take a meal break or they otherwise had their meal breaks interrupted by job duties because they cannot

abandon their job posts and they were regularly encouraged by supervisors to complete as much production as possible or to otherwise return from a meal break in order to perform various job duties.

29. Consequently, Named Plaintiffs and other similarly situated employees often did not receive a fully uninterrupted bona fide meal break of thirty (30) minutes. Nevertheless, Defendant required a daily 30-minute meal break deduction regardless of whether an uninterrupted meal break was taken.

30. Defendant's meal break deduction despite that Named Plaintiffs and other similarly situated employees regularly do not receive a bona fide meal break violates the FLSA.

**(Failure to Pay at Correct Regular Rate of Pay for Non-Discretionary Remuneration)**

31. APC did not properly calculate overtime based on its *__regular rate of pay__*, as defined by the FLSA, but instead calculated overtime based on its hourly rate of pay, resulting in unpaid overtime wages during the past three years.

32. During his employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA, which resulted in unpaid overtime wages.

33. Defendant pays Named Plaintiff and hundreds of other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

34. In addition to the Base Hourly Wage, Defendant pays its employees with additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation, including, but not limited to periodic Safety and Production Bonuses as an incentive to encourage Plaintiff and similarly situated workers to work

more steadily, rapidly, efficiently, and/or to encourage its workers to remain with the company given its importance to the overall operation of Defendant (hereinafter "Additional Remuneration").

35. The Additional Remuneration is compensated for work performed during the fiscal year, including workweeks when Named Plaintiff and those similarly situated worked overtime.

36. However, upon information and belief, Defendant did not include such Additional Remuneration when determining the employees' regular rate of pay for the purposes of overtime.

37. During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above.

38. When Defendant paid Named Plaintiff and other similarly situated employees Additional Remuneration, Defendant failed to provide additional overtime compensation based on the increase in employees' regular rate of pay for the purposes of overtime. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

39. Instead, Defendant paid Named Plaintiff and other similarly situated employees overtime compensation at one-and-one-half times their **Base Hourly Wage** and not one-and-one-half times their *regular rate of pay* as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

40. From 2018 through the end of Named Plaintiff's employment on or about March 5, 2021, Plaintiff worked over forty (40) hours in one or more workweeks. In addition, Named Plaintiff received Additional Remuneration of $1,059.76 on or about February 22, 2019, $1,000.00

on or about April 7, 2020, and $1,000.00 on or about December 11, 2020. However, overtime was at all times paid at the rate of one-and-one-half times Named Plaintiff's Base Hourly Wage.

41. As a result, Named Plaintiff and others similarly situated employees are owed unpaid overtime compensation during workweeks when worked 40 or more hours and which were covered by the periods for the Additional Remuneration.

42. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

43. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

44. Defendant is in possession and control of necessary documents and information from which Named Plaintiff and similarly situated employees would be able to precisely calculate damages or it otherwise failed to maintain such records.

45. For the three years preceding this filing, Defendant applied the same pay practices and policies as described herein to all hourly, non-exempt employees, including Named Plaintiff.

46. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable overtime hours worked due to the aforementioned policies and practices.

### III. COLLECTIVE ACTION ALLEGATIONS

#### A. 216(b) Collective Action for Unpaid Overtime Wages.

47. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. The unlawful pay policies and/or practices described in this Complaint are common to Defendant's facilities across the United States.

49. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt production or manufacturing employees of Defendant, whose payroll records reflect that they worked 40 or more hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

50. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

51. In addition to the Named Plaintiff, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation as follows: (1) unlawful rounding by virtue of its prohibition against its production or manufacturing workers clocking in more than seven (7) minutes prior to the scheduled start or after the scheduled end of their shifts; (2) deducting a thirty-minute daily meal break even though employees do not receive an uninterrupted break; and (3) failing to pay overtime at the correct rate in covered by the Additional Remuneration.

52. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

53. The identity of the putative § 216(b) Collective Class Members are known to Defendant or are readily identifiable through Defendant's payroll records maintained and were

required to be maintained pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

54. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

55. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and § 216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and § 216(b) Collective Class Members.

**B. Fed. R. Civ. P. 23 Class Action for Unpaid Overtime Wages.**

56. Named Plaintiff also brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio, whose payroll records reflect that they worked 40 hours or more hours in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

57. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation as follows: (1) unlawful rounding by virtue of its prohibition against its production or manufacturing workers clocking in more than seven (7) minutes prior to the scheduled start or after the scheduled end of their shifts; (2) deducting a thirty-minute daily meal break even though

employees do not receive an uninterrupted break; and (3) failing to pay overtime at the correct rate in covered by the Additional Remuneration.

58. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

59. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

60. Named Plaintiff is a member of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

61. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

62. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

63. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

64. Questions of law and fact are common to the Ohio Rule 23 Class.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

68. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members for all overtime hours worked; (b) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members at the correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rates of pay when they received Additional Remuneration; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

69. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the § 216(b) Collective Class Members.

72. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective Class Members.

73. Named Plaintiff and the § 216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions.

74. Named Plaintiff and the § 216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

75. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

76. The FLSA requires that non-exempt employees receive overtime compensation of their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

77. Defendant violated the FLSA with respect to Plaintiff and the § 216(b) Class by failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as outlined above.

78. Named Plaintiff and the § 216(b) Collective Class Members should have been paid for all overtime work performed at the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

79. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the § 216(b) Collective Class Members are entitled.

80. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession or it otherwise failed to maintain such records.

81. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the § 216(b) Collective Class Members.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

84. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

85. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

86. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but are owed unpaid overtime compensation because Defendant failed to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as outlined above.

87. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but were not fully paid for all overtime hours worked because of Defendant's policies/practices as described herein.

88. Defendant's company-wide corporate policies and/or practices as outlined herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

89. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of the Ohio Wage Act.

90. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

91. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. § 4111.03, and, as such, Defendant acted willfully.

92. For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages, the Named Plaintiff

and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

**COUNT III**
**(R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)**

93. All of the preceding paragraphs are realleged as if fully rewritten herein.

94. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

95. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

96. The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

97. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages for all hours worked, including overtime wages at one-and-one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

98. The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

99. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

100. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## V. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendant's payroll policies or practices as outlined above violates the FLSA;

D. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the § 216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

E. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Ordering Defendant to pay pre-judgment interest and post-judgment interest;

I. Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

J. Such other and further relief as to this Court may deem necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendant for violations of the Ohio Acts and for an Order as follows:

K. A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of certain overtime compensation and violations of the OPPA;

L. An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

M. Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

N. Ordering Defendant to pay pre-judgment interest and post-judgment interest;

O. Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts and also reimbursement of expenses;

P. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period or $200 for each pay period, whichever is higher; and

Q. Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully Submitted,

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Daniel I. Bryant* |
| Matthew J.P. Coffman (0085586) | Daniel I. Bryant (0090859) |
| **COFFMAN LEGAL, LLC** | **BRYANT LEGAL, LLC** |
| 1550 Old Henderson Road | 1550 Old Henderson Road |
| Suite 126 | Suite 126 |
| Columbus, Ohio 43220 | Columbus, Ohio 43220 |
| Phone: 614-949-1181 | Phone: 614-704-0546 |
| Fax: 614-386-9964 | Fax: 614-573-9826 |
| Email: mcoffman@mcoffmanlegal.com | Email: dbryant@bryantlegalllc.com |

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman